**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jose Omar Vasquez,<br><br>    Plaintiff,<br><br>v.<br><br>David Shinn, et al.,<br><br>    Defendants. | No. CV-21-01466-PHX-ROS<br><br>**ORDER** |

    This suit involved claims regarding Plaintiff's medical care. (Doc. 6). As explained in the initial screening Order, Plaintiff stated a claim for "prospective injunctive relief" against David Shinn, the former Director of the Arizona Department of Corrections ("ADC"). (Doc. 6 at 11). Plaintiff also stated a claim for money damages against Centurion, ADC's former contract health provider. (Doc. 6 at 11). After discovery, the Court granted summary judgment in favor of both Defendants. (Doc. 98).

    In granting summary judgment, the Court concluded Plaintiff had not pointed to sufficient evidence establishing Defendants had been deliberately indifferent to his medical needs, in particular his complaints of pain. Instead, the facts established "medical staff consistently responded to Plaintiff's complaints," Plaintiff's medications were adjusted many times, Plaintiff had offsite specialist appointments, and Plaintiff underwent multiple surgeries. (Doc. 98 at 19). Even viewed in the light most favorable to Plaintiff, the evidence established Defendants were entitled to summary judgment. Judgment was entered in favor of Defendants on February 16, 2023.

Shortly after the judgment, Plaintiff filed a motion seeking an extension of time to file a notice of appeal. (Doc. 102). The Court granted that motion. Plaintiff then filed a motion for extension of time to file a motion for reconsideration and a motion for reconsideration. (Doc. 104, 105). The Court deemed the motion for reconsideration timely but denied it on the merits. (Doc. 106). A few days after the Order denying the motion for reconsideration, Plaintiff filed a motion requesting the Court identify the "exact date necessary to file a notice of appeal." (Doc. 107). The Court did not immediately rule on that motion.

Approximately three weeks after requesting guidance on the appellate deadline, Plaintiff filed a "Motion for Relief under Rule 60(b)(6)." (Doc. 108). In that motion Plaintiff argued he did not receive all the medical records he needed before his opposition to the motion for summary judgment was due. According to Plaintiff, the medical records were crucial to his claims, but he did not explain how the medical records would have defeated summary judgment. To ensure summary judgment had been properly granted, the Court instructed Plaintiff to file a supplement identifying the medical records he believed would have defeated Defendants' motion for summary judgment.

After receiving an extension of time to file the supplement, Plaintiff filed his supplement consisting of 145 pages of argument and exhibits. (Doc. 113). A few days later, Plaintiff filed a motion for leave to file additional documents. (Doc. 114). Plaintiff then filed a notice of errata, explaining he had experienced some difficulties in filing his recent documents. Finally, Plaintiff filed a motion to amend his complaint, seeking leave to allege claims against other defendants who had been dismissed at the screening stage. (Doc. 117).

The Court has reviewed all of Plaintiff's filings, including the medical records he offers in support of his claims. Those medical records establish Plaintiff received extensive medical treatment, although sometimes the diagnoses were incorrect or there were delays. However, even viewed in the light most favorable to Plaintiff, the medical records do not create a genuine dispute of material fact whether Defendants acted with deliberate

indifference. More particularly, the medical records do not establish an unconstitutional policy or practice attributable to Centurion nor do they show any basis to order prospective injunctive relief. The entry of summary judgment in favor of Defendants was correct.

Finally, the Court cannot provide Plaintiff with legal advice regarding the deadline to file an appeal. *See Jacobsen v. Filler*, 790 F.2d 1362, 1366 (9th Cir. 1986) (court giving legal advice would "entail the district court's becoming a player in the adversary process rather than remaining its referee"). Therefore, Plaintiff's Motion for Clarification will be denied. Plaintiff's request to amend the complaint is untimely and will also be denied.

Accordingly,

**IT IS ORDERED** the Motion for Clarification (Doc. 107) and Motion for Relief (Doc. 108) are **DENIED**. This case shall remain closed.

**IT IS FURTHER ORDERED** the Motions for Leave (Doc. 112, 114) are **GRANTED**. The Clerk of Court shall file the documents lodged at Doc. 113, 115.

**IT IS FURTHER ORDERED** the Motion for Leave to Amend Complaint (Doc. 117) is **DENIED**.

Dated this 11th day of July, 2023.

Honorable Roslyn O. Silver
Senior United States District Judge